[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13843
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00487-CV-T-24MAP

DANIEL BRIENZA,

Plaintiff-Appellee,

versus

DAVID GEE, Sheriff, Hillsborough County,
IRA BRIDWELL, Deputy Sheriff, in his individual capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 13, 2009)**

Before CARNES, PRYOR and COX, Circuit Judges.

PER CURIAM:

Daniel Brienza filed this 42 U.S.C. § 1983 suit against Ira Bridwell; the

complaint includes a state law claim arising from the same incident against Sheriff

David Gee in his official capacity. Bridwell and Gee moved for summary judgment on the basis of qualified immunity, and the district court entered summary judgment for Bridwell on the § 1983 claim and declined to exercise supplemental jurisdiction on the state law claim, remanding it to state court. Brienza filed a motion to alter or amend the judgment under Rule 59(e). The district court granted the motion, holding that Bridwell was not entitled to qualified immunity, and vacated its prior order entering summary judgment for Bridwell. Bridwell takes this interlocutory appeal from the district court's order of June 15, 2008, denying him qualified immunity.

A brief was filed on behalf of Sheriff Gee, who is sued only in his official capacity. Qualified immunity is not available to Sheriff Gee in his official capacity, and he does not argue that it is. There being no final judgment, Sheriff Gee's appeal is dismissed for want of jurisdiction.

Brienza's § 1983 claim alleges a Fourth Amendment violation. Brienza claims that Bridwell arrested him for driving under the influence, in violation of Fla. Stat. § 316.193, without probable cause.

Bridwell is entitled to qualified immunity, and thus summary judgment on the § 1983 claim, if there was "arguable probable cause" to arrest Brienza. *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990). "Arguable probable cause" exists if a reasonable officer, in the same situation and with the same knowledge as Bridwell,

2

could have believed under the totality of the circumstances that probable cause existed to arrest Brienza for a DUI offense. *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). This is an appeal of the denial of a motion for summary judgment. Accordingly, Bridwell is entitled to qualified immunity only if the undisputed facts show that 'arguable probable' cause existed.

Given the undisputed facts, a reasonable officer in Bridwell's position could have concluded that there was probable cause to arrest Brienza for a DUI violation. A violation of Fla. Stat. § 316.193 occurs when a person drives a car while under the influence of alcohol or certain other chemical substances to the extent that the person's "normal faculties are impaired." Fla. Stat. § 316.193(1)(a). Here, Bridwell pulled Brienza over for an alleged speeding violation. (R.23 at 30-31.) After Bridwell turned on his lights and siren, Brienza admits he handled his car in an "awkward" fashion and failed to pull entirely onto the shoulder, leaving a portion of his car on the road. (R.23 at 29-30.) When Bridwell first spoke with Brienza, he thought he detected the odor of alcohol. (R.21 at 34.) When asked about this odor, Brienza stated that he had just used mouthwash. (R.23 at 31.) Bridwell's experience in law enforcement has been that those who have been drinking and driving will often attempt to explain the odor of alcohol as mouthwash. (R.22 at 19.) Finally, Brienza

did not fully comply with the instructions given to him by Bridwell during the field sobriety test. (R.23 at 42.)

Because "arguable probable cause" is determined by the facts and circumstances present at the time of the arrest, *Saucier v. Katz*, 533 U.S. 194, 207, 121 S. Ct. 2151, 2159 (2001), the results of Brienza's breath test and urinalysis tests are irrelevant to the question of whether a Fourth Amendment violation occurred when Bridwell arrested Brienza.

The breath and urinalysis tests, given after the arrest in question, show that there was no alcohol or prohibited chemical substance in Brienza's body. With the benefit of hindsight, it appears that Brienza should not have been arrested for driving under the influence. But, the undisputed facts show that Bridwell had "arguable probable cause" to arrest Brienza on the DUI charge. Bridwell is entitled to qualified immunity, and thus summary judgment for Bridwell was appropriate. Accordingly we reverse the district court's Order entered on June 15th, 2008 in its entirety. We dismiss the appeal of Sheriff Gee for want of jurisdiction.

REVERSED IN PART, APPEAL DISMISSED IN PART.